**Humberto GIMENEZ, Appellant,**

v.

**MORGAN STANLEY DW, INC.**

No. 06–2762.

United States Court of Appeals, Third Circuit.

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) Oct. 5, 2006.

Filed Oct. 13, 2006.

Humberto Gimenez, Newark, NJ, pro se.

Before: SLOVITER, McKEE and FISHER, Circuit Judges.

OPINION

PER CURIAM.

Humberto Gimenez, a *pro se* litigant proceeding *in forma pauperis,* appeals an order of the United States District Court for the District of New Jersey dismissing his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Because the appeal is without legal merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

Gimenez's complaint alleges misconduct arising out of a 2004 sale of stock conducted by Appellee, Morgan Stanley DW, Inc. ("Morgan Stanley"), on behalf of Gimenez's corporation, Humberto Gimenez Corp. The District Court dismissed Gimenez's complaint on *res judicata* grounds, citing four prior instances where state and federal courts dismissed complaints filed

by Gimenez (either on behalf of himself or his corporation) against Morgan Stanley based on the same set of facts.[1]

An appeal filed by a litigant proceeding *in forma pauperis* is subject to dismissal at any time if it lacks an arguable basis in law or fact. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). *Res judicata* is a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B). *See Gleash v. Yuswak*, 308 F.3d 758, 760–61 (7th Cir.2002). The doctrine of *res judicata* bars a plaintiff who has received a final judgment on the merits from relitigating the same claim against the same defendant. *See CoreStates Bank, N.A. v. Huls America, Inc.*, 176 F.3d 187, 194 (3d Cir.1999); *see also Churchill v. Star Enterprises*, 183 F.3d 184, 194 (3d Cir.1999) (res judicata precludes successive suits against the same defendant based on same underlying events). A dismissal that is specifically rendered "with prejudice" qualifies as an adjudication on the merits and thus carries preclusive effect. *See Gambocz v. Yelencsics*, 468 F.2d 837, 840 (3d Cir.1972). A dismissal under the *in forma pauperis* statute also qualifies as an adjudication on the merits carrying preclusive effect for purposes of any future *in forma pauperis* actions raising the same claim. *See Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205–06 (2d Cir.2002).

As explained by the District Court, Gimenez's claims are barred on *res judicata* grounds. We note that although Civ. No. 05–cv–4623 was brought by Gimenez on behalf of his eponymous corporation, that case's disposition precludes Gimenez from subsequently bringing the same suit on behalf of himself. *See Transamerica Occidental Life Ins. Co. v. Aviation Office of America, Inc.*, 292 F.3d 384, 392 (3d Cir. 2002) ("Res judicata acts as a bar to relitigation of an adjudicated claim between parties and those in privity with them."); *In re Teltronics Services, Inc.*, 762 F.2d 185, 191 (2d Cir.1985) ("A judgment against a corporation bars later litigation on the same cause of action by an officer, director, or shareholder of the corporation if the individual participated in and effectively controlled the earlier case."). The other two dismissals, which were entered pursuant to a *sua sponte* determination of frivolousness under the *in forma pauperis* statute, preclude Gimenez from bringing the same claim against the same defendant while in possession of *in forma pauperis* status.

Based on the foregoing, we conclude that Gimenez's appeal lacks legal merit and we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

---

1. *Gimenez v. Morgan Stanley D.W.*, No. L–9293–04 (N.J.Super.Ct. Mar. 4, 2005) (dismissed with prejudice); *Gimenez v. Morgan Stanley D.W.*, Civ. No. 05–cv–3633, 2005 WL 2086201 (D.N.J. Aug. 26, 2005) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Humberto Gimenez Corp. v. Morgan Stanley D.W., Inc.*, Civ. No. 05–cv–4623 (D.N.J. Nov. 14, 2005) (dismissed "with prejudice" for failure to retain counsel and properly refile complaint within specified period of time); *Gimenez v. Morgan Stanley D.W., Inc.*, Civ. No. 06–cv–0752, 2006 WL 680977 (D.N.J. Mar. 15, 2006) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)).